## SUPREME COURT.

JOHN J. DECKER and another agt. MYRON A. DECKER and another.

*Trade mark — when injunction to restrain the use of a person's own name as a trade mark will not be allowed.*

A defendant will not be restrained by injunction from the use of his own name, which he has caused to be registered and recorded as a trade mark in the patent office, on motion of a plaintiff by the same name and engaged in the same business, unless it plainly appears that it was obtained for the purpose of deception, or with a view to mislead the public or injure the plaintiff.

*It seems* doubtful whether in a collateral proceeding the court is empowered to restrain a party from the use of a trade mark, awarded to him in the established course of procedure, by the commissioner of patents.

Where the answer and affidavits of defendants thoroughly and completely deny the whole equity of plaintiff's case, as set forth in their complaint and affidavits, and thoroughly rebut all charges of evil intent and improper design in obtaining the trade mark, an injunction will not be granted.

*It seems* that it is improper to grant a preliminary injunction, except in cases where the injunction is absolutely necessary for the protection of the plaintiff's rights and the furtherance of justice.

*New York, Chambers, November,* 1876.

*J. D. Townsend,* for plaintiffs.

*Wm. J. A. Fuller,* for defendants.

LAWRENCE, *J.* — In the case of *Meneely* agt. *Meneely* (62 *N. Y.*, 427) the court of appeals held that a person cannot make a trade mark of his own name, and thus debar others having the same name from using it in their business; and, also, that every man has the absolute right to use his own

name in his own business, even though he may thereby inter-
fere with and injure the business of another bearing the
same name, provided he does not resort to any artifice, or do
any act calculated to mislead the public as to the identity of
the establishments, and to produce injury to the other beyond
that which results from the similarity of the name.

In this case the plaintiffs have for a long time been engaged
in business, in the city of New York, as manufacturers of
piano fortes, under the firm name of Decker Brothers; and
these pianos have, as their complaint alleges, and as their affi-
davits show, acquired much celebrity. The defendants have
been in business since 1871, in the city of New York, as
manufacturers of pianos, under the firm name of Decker &
Barnes; but it also appears that they are both men of long
experience in the business, and that the defendant, Myron A.
Decker, was for a long time a manufacturer of pianos in this
city, prior to 1871, under the firm name of Decker & Co.;
and he claims that his pianos were known in the trade as the
Decker pianos, long before the plaintiffs acquired a reputation
as the manufacturers of pianos. Many of the best known
manufacturers corroborate the defendant Decker's allegations
and state that they have known his piano as "the Decker
piano, or piano forte," for many years.

It appears that the defendants have caused to be registered
and recorded, as a trade mark, in the patent office, "*The
Decker Piano.*"

The plaintiffs seek to enjoin and restrain the defendants
from the use of this trade mark, and claim that it was
obtained for the purpose of misleading and deceiving the
public, and is an artifice or device calculated and intended to
induce purchasers to believe that the defendants are solely
entitled to use the name of Decker, and that the pianos
manufactured by the defendants are the pianos of the
plaintiffs.

While it may be true, under the decision in the case of
*Meneely* agt. *Meneely* (*supra*), that the defendants are not

Decker agt. Decker.

entitled to a trade mark such as they have obtained, I cannot, after a careful examination of the voluminous papers read upon this motion, hold that it was obtained for the purpose of deception, or with a view to mislead the public or injure the plaintiff, nor in the face of the affidavits read in support of the defendants that it is calculated to mislead the public.

It is very doubtful whether, in a collateral proceeding of this character, the court is empowered to restrain a party from the use of a trade mark, awarded to him in the established course of procedure, by the commissioner of patents.

The answer of the defendants and the affidavits read on their behalf, so thoroughly and completely deny the whole equity of the plaintiff's case as stated in their complaint and affidavits, and so thoroughly rebut all charges of evil intent and improper design in obtaining the trade mark, as to render it impossible for the court to say, upon a mere motion, that the defendants have injured the plaintiffs.

It is an elementary principle that, where the whole equity of the complaint is denied, an injunction will not be granted (*American Grocer Pub. Assn.* agt. *Grocer Pub. Co.*, 51 *Howard, p.* 402, *and cases cited ; Finnegan* agt. *Lee,* 18 *How.,* 186 *and* 187 ; see, also, the remarks of HARRIS, *J.,* in *Bruce* agt. *Del. and Hud. Canal Co.*, 19 *Barb., p.* 379, as to the impropriety of granting a preliminary injunction except in cases where the injunction is absolutely necessary for the protection of the plaintiff's rights and the furtherance of justice).

For the reasons above stated, I am of the opinion that the motion for an injunction *pendente lite* should be denied, with costs.